# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

### FIRST DISTRICT—MARCH TERM, 1901.

### Charles C. O'Neill v. John H. Dougherty.

1. PROMISSORY NOTES—*Remedies in Equity.*—A promissory note may be open to defenses, under the statute, as against innocent purchasers before maturity, in a suit at law; but it does not follow that as complete relief can be had in such a suit as in a court of equity, and where equity acquires jurisdiction for one purpose it may properly retain it to administer complete justice between the parties in a single suit.

**Bill for an Injunction.**—Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed June 28, 1901.

EUGENE M. BUMPHREY, attorney for appellant.

JOHN STUART ROBERTS, attorney for appellee; F. H. TRUDE, of counsel.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

This is an appeal from an interlocutory order of injunction. The case stated by the bill is, in substance, that on or about May 9, 1900, the complainant (appellee) leased of the defendant (appellant) the certain hotel called "Hotel Englewood" for a term of three years, at an agreed monthly rental, and also bought of appellant the fur-

niture and fixtures contained in said hotel at an agreed
price of $1,800, payable in installments; that said furniture,
etc., was not worth at the time more than $600, but that
in consideration of receiving said lease, and relying upon
the said lease and the full enjoyment of the possession of
said hotel under said lease, for the term of three years, the
complainant was induced to and did agree to pay said
sum of $1,800 for said furniture; that in pursuance of
said agreement the complainant paid defendant $600 in
cash on account of said purchase price, and executed and
delivered to the defendant his certain promissory note for
the remainder of said purchase price, payable in install-
ments, and secured the payment thereof by a chattel mort-
gage on said furniture; that at the time of said transac-
tion the said hotel premises were incumbered by two prior
mortgages, for $15,000 and $8,000 respectively, which
defendant had, when he purchased said premises, assumed
to pay, together with the interest thereon; and that for
the protection of the complainant in his lease the defendant
agreed with the complainant to pay said mortgages and
the interest thereon when and as the same should respect-
ively become due.

The complainant then alleges that the defendant
defaulted in the payment of interest afterward accruing
on said mortgages, to the amount of $640, and in the pay-
ment of taxes on said premises, amounting to $285.15, by
reason of which defaults said premises were, on September
7, 1900, sold for the non-payment of said taxes, and have
not since been redeemed therefrom; and that on January
16, 1901, the holder of the second mortgage, for $8,000,
instituted a suit in the Superior Court of Cook County to
foreclose said mortgage, and that the holder of the first
mortgage for $15,000, is threatening to begin foreclosure
proceedings thereunder, and that in consequence thereof
the title of the premises is jeopardized, and the right and
interest of the complainant under said lease is threatened
and will be " wiped out " long before the expiration thereof,
and the furniture aforesaid so bought and owned by com-
plainant will be reduced to little or no value.

It is also alleged that there remains unpaid on the note of complainant and the chattel mortgage given by him to secure the same, the sum of $750, and that there is due upon the same the sum of $100; that the defendant still owns the same and is threatening to foreclose said mortgage, and that complainant believes the defendant intends to dispose of said notes and mortgage to an innocent purchaser, whereby complainant will be deprived of some defense thereto, which, under the circumstances, he is entitled to make.

A preliminary injunction was granted, which afterward, on a motion to dissolve the same, was modified by the court to read as follows:

"That the above named defendant, Charles C. O'Neill, desist and refrain from collecting any amount due, or to become due, upon a certain chattel mortgage and notes secured by the same, heretofore executed by said complainant and his wife to said Charles C. O'Neill, and referred to in said bill, until the further order of this court, and from taking steps to foreclose said mortgage or collect said notes, or either of them, and from seizing any of the property described in said mortgage under said mortgage or the provisions of the same, or removing said property from the premises where the same is now located until the further order of the court; and that the said Charles C. O'Neill desist and refrain from selling, assigning, transferring, or otherwise disposing of said chattel mortgage, or any of the notes secured by the same, until the further order of the court."

We think a sufficient case for the granting of the injunction, as ordered, was stated, and that the order should stand until the case shall be heard on the merits.

It seems quite plain that if the bill is true a case for preventive relief by way of injunction is made out.

While it may be true, as appellant insists, that the note is open to defenses, under the statute, even as against an innocent purchaser before maturity, in a suit at law, it does not follow that as complete relief can certainly be had in such a case as the complainant may, under the allegations of his bill, be entitled to have against the appellant, and

the equity court having acquired jurisdiction for one purpose, may properly retain it to administer complete justice between the parties in a single suit.

Appellant says there is no sufficient allegation of his insolvency. We think, in view of the allegations of the bill, of his default in the payment of his mortgage indebtedness on the property and the sale of the same for taxes, that the allegation that he is "notoriously insolvent," is more than a mere conclusion of the pleader, and is a sufficient allegation.

Appellant further contends that there is no sufficient allegation of prejudice to sustain the injunction as originally ordered, without notice.

Whether or not there is a sufficient allegation in such respect does not depend upon a single sentence or a single averment in the bill on that particular point. If, taking into consideration all the allegations contained in the bill, it may be seen that the particular averment of prejudice if the injunction is not granted without notice, is supported by the other allegations, it is enough. We wish to avoid prejudgment of the case as to either party by an unnecessary discussion of the merits as they may appear upon a full hearing of the case, and therefore, having considered all the points made by appellant, although without a discussion of them all, our conclusion is that the order appealed from should temporarily stand. Affirmed.